UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MARLIN WILLIAMSON ]
]
    Plaintiff, ]
]
v. ] Case No. 1:14-0101
] Chief Judge Haynes
JOHN BAXTER, et al. ]
]
    Defendants. ]

## MEMORANDUM

Plaintiff, Marlin Williamson, an inmate at the South Central Correctional Center in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: John Baxter, Medical Director for the Corrections Corporation of America ("CCA"); Brandy Ashe, Health Administrator at the South Central Correctional Center (SCCC); and four members of the SCCC medical staff. Plaintiff seeks declaratory, injunctive and monetary relief for the alleged denial of medical care.

According to his complaint, Plaintiff suffers from diabetes and upon his arrival at the SCCC, the intake nurse was informed of Plaintiff's condition. Weeks later, a prescription for some of Plaintiff's medications expired and Plaintiff was unable to get his prescription renewed. In a letter attached to his complaint, Plaintiff asserts that when his medications expired and he requested a renewal, the nurse told him that his name was not on the approved list for inmates with diabetes. As a consequence, Plaintiff alleges that he experienced severe abdominal pain. Plaintiff reported to the infirmary on sick call for his pain.

Plaintiff alleges that a nurse diagnosed Plaintiff's pain as a buildup of gas in his stomach and provided him Malanta. Plaintiff was then sent to his housing unit. The next day, Plaintiff alleges that his symptoms worsened and Plaintiff had to be carried to the infirmary where he remained until his transport to a local hospital. At the hospital, Plaintiff's condition was stabilized and he was told that he

1

had lapsed into a diabetic coma.

Plaintiff's claim is that the Defendants were deliberately indifferent to his medical condition and violated his Eighth Amendment right to adequate medical care. To state a claim for relief under § 1983, the Plaintiff alleges plausible facts that the Defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981). The Eighth Amendment guarantees a prisoner the right to medical care and this right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

Here, Plaintiff's allegations are that a nurse erroneously treated his discomfort and as a result, Plaintiff had to be taken to a local hospital. This dispute is over the adequacy of the care provided to Plaintiff. When a prisoner has received some medical attention and his claim challenges the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir.2000). A medical malpractice claim does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. 105-106. Thus, the Court concludes that Plaintiff fails to state an Eighth Amendment claim. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, this action must be dismissed for failure to state a claim upon which relief can be granted, but dismissal will be without prejudice to Plaintiff's state law claims. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the ___13___ day of August, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

2